# Authority of the Special Counsel, Merit Systems Protection Board, Over Anonymous Allegations of Wrongdoing

Anonymous complaints do not trigger the statutory scheme by which the Office of the Special Counsel (OSC), Merit Systems Protection Board, investigates allegations of wrongdoing within an agency; however, such complaints may be forwarded to the head of the affected agency by the OSC in its discretion, to be dealt with by the agency.

July 1, 1981

## MEMORANDUM OPINION FOR THE SPECIAL COUNSEL, MERIT SYSTEMS PROTECTION BOARD

This responds to your inquiry whether the Office of the Special Counsel (OSC), Merit Systems Protection Board, has the statutory authority to forward anonymous allegations of wrongdoing to the heads of the affected agencies,[1] pursuant to 5 U.S.C. § 1206(b)(2).[2] For

---

[1] This question arose because of our earlier opinion that OSC may only forward complaints received from federal employees. Memorandum Opinion for the General Counsel, Nuclear Regulatory Commission, from Larry L. Simms, Deputy Assistant Attorney General, Office of Legal Counsel, March 13, 1981. [NOTE: The March 13, 1981, Memorandum Opinion appears in this volume at p .77 *supra* Ed.]

[2] Section 1206(b)(1) and (2) of Title 5, United States Code, states:

    (1) In any case involving—

    (A) any disclosure of information by an employee or applicant for employment which the employee or applicant reasonably believes evidences—

        (i) a violation of any law, rule, or regulation; or

        (ii) mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety,

if the disclosure is not specifically prohibited by law and if the information is not specifically required by Executive order to be kept secret in the interest of national defense or the conduct of foreign affairs, or

    (B) a disclosure by an employee or applicant for employment to the Special Counsel of the Merit Systems Protection Board, or to the Inspector General of an agency or another employee designated by the head of the agency to receive such disclosures of information which the employee or applicant reasonably believes evidences—

        (i) a violation of any law, rule or regulation; or

        (ii) mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety;

the identity of the employee or applicant may not be disclosed without the consent of the employee or applicant during any investigation under subsection (a) of this section or under paragraph (3) of this subsection, unless the Special Counsel determines that the disclosure of the identity of the employee or applicant is necessary in order to carry out the functions of the Special Counsel.

    (2) Whenever the Special Counsel receives information of the type described in paragraph (1) of this subsection, the Special Counsel shall promptly transmit such information to the appropriate agency head.

reasons stated hereafter, we do not believe that the statute was intended to cover such material and we therefore conclude that the material may not be forwarded as (b)(2) material. Such material may be forwarded to affected agencies, however, without the provision of (b)(2) being triggered.

Forwarding information pursuant to (b)(2) triggers an elaborate statutory scheme. OSC may require an agency to conduct an investigation and submit a detailed written report within 60 days. 5 U.S.C. § 1206(b)(3)(A), (4), 5 C.F.R. § 1252.2 (1980). This report must be submitted to Congress, the President and the Special Counsel, 5 U.S.C. § 1206(b)(5)(A), and possibly the Office of Management and Budget. Even if OSC does not require an investigation, the head of the agency must make a written report within 60 days regarding action taken. *Id.*, § 1206(b)(7), 5 C.F.R. § 1252.3 (1980). Failure to file reports may be reported to Congress and the President. 5 U.S.C. § 1206(b)(5)(A). This scheme was designed to encourage federal workers to "blow the whistle" if they suspect the existence of wrongdoing in their agency. *See* 124 Cong. Rec. 27,548, 27,569–72, 34,100, 25,727–28 (1978). It was meant both to protect them from reprisals by setting up stringent safeguards to protect their identity, *see* 5 U.S.C. § 1206(b)(8), 5 C.F.R. § 1250.3(c) and App. I (1980), and to assure them that their complaints would be looked into seriously by requiring mandatory reports from the agencies. Permitting individuals who are unwilling to give their names, even with these statutory protections, to trigger these provisions would not only consume the finite resources of OSC and the agencies but would also turn the law into what its sponsors explicitly said it was not—"an open invitation to any disgruntled Federal employee . . . to make false allegations of wrongdoings by a Federal agency." 124 Cong. Rec. 27,572 (1978) (remarks of Sen. Dole).

We believe that the statute requires the identification of the complainant in order to effect several purposes. First, identification ensures that the complainant is "an employee or applicant for employment" as required by the statute. 5 U.S.C. § 1206(b)(1)(A), (B). *See also* 5 U.S.C. § 1206(b)(3)(B). Second, it allows the Special Counsel to solicit additional information, if necessary, from the complainant when determining whether there is a "substantial likelihood" that the information discloses a violation of the law and thus to eliminate the drain of investigating fraudulent or frivolous claims. Third, it permits the Special Counsel to comply with the mandate of the statute that he *"shall"* inform the complainant of the agency's report on its investigation or action. 5 U.S.C. § 1206(b)(5)(A), (7) (emphasis added).

This is not to say that OSC must ignore anonymous complaints. Nothing in the statute forbids OSC from forwarding such complaints to an agency—the statute only precludes them being sent as official (b)(2)

material.[3] Therefore, while anonymous information should not be forwarded pursuant to 5 U.S.C. § 1206(b)(2), and reports on it should not be required pursuant to 5 U.S.C. § 1206(b)(3) and (7), the information may be forwarded at OSC's discretion—and dealt with at the agency's discretion—in order to identify possible problems.

LARRY L. SIMMS
*Deputy Assistant Attorney General*
*Office of Legal Counsel*

---

[3] In addition, OSC is empowered to investigate possible prohibited personnel practices, even in the absence of an allegation, 5 U.S.C. § 1206(a)(3), and several other classes of improper conduct, 5 U S.C. § 1206(e), 5 C F.R § 1251 1(b), (c), regardless of the source.